## L. B. TULLY, *Ex Parte.*

'The act of the General Assembly providing that, if any judge of the Circuit Court of this State shall fail to hold court, in any of his counties, at the times required by law, he shall forfeit and pay to the State the sum of one hundred and fifty dollars, is contrary to the constitution, and void.

The Legislature has no power to diminish the salary of a judge, during the time for which he shall have been elected. They cannot effect, indirectly, what they are directly forbidden to do.

But, if there has been no appropriation to pay the salary so withheld, the Auditor of Public Accounts cannot be compelled, by mandamus, to pay it.

L. B. Tully, *Ex Parte.*

UPON application for a *mandamus*, by LEWIS B. TULLY, late one of the Circuit Judges, for a mandamus.

*Hempstead*, for the relator.

*R. W. Johnson, Atto. Gen.,* contra.

*By the Court*, DICKINSON, J.

This is an application in behalf of one of the Circuit Judges of the State, to this Court, for a writ of mandamus upon the Auditor of Public Accounts, requiring him to issue his warrant upon the Treasurer for the amount claimed to be due the applicant, as a part of the salary of his office. The Auditor has responded to the rule entered; and the facts he states, show conclusively, that, at the time the salary is claimed to have been due from the State to the Judge, for his services in office, there was in the treasury a sufficient amount of money appropriated by law to pay the circuit judges, but that the money then in the treasury has been since expended for other purposes, and that there is not now any appropriation by law, unexpended, for the payment of salaries due the former judges of the Circuit Court.

Upon this state of fact, the question arises, whether the act of the Legislature, approved March 3d, 1838, is repugnant to the 8th section of the 6th article of the constitution. The words of the act are, "that, if any judge of the Circuit Court shall fail to hold his court in any of his counties, at such time as is required by law, such judge shall forfeit and pay to the State, the sum of one hundred and fifty dollars." The act further makes it the duty of the clerk of the Circuit Court of the county in which such failure may have happened, to certify the same to the Auditor of Public Accounts: and if the judge cannot satisfy the Auditor, by conclusive testimony, that it was impossible for him to hold such court, then it is made the duty of the Auditor to deduct the penalty from the salary of the judge. *Chap. 42, sec. 1, Rev. St.* The clause of the constitution before referred to, declares, that " the judges of the Supreme and Circuit Courts shall, at stated times, receive a compensation for their services, to be ascertained by law, which shall not be diminished during the time for which they are elected. They

L. B. Tully, *Ex Parte.*

shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this State or the United States."

A comparison of the act with the constitution, conclusively settles this question, which, to our minds, is of easy solution. The object and design of the constitution are, to place the judicial department above all unwarrantable interference on the part of the Legislature, except in the mode and manner pointed out in the instrument, and to separate these two departments from each other, except so far as their action was deemed necessary and proper: and this remark holds equally good as to the executive department. This Court has so repeatedly said, that the three political departments were each and all supreme, within their peculiar and constitutional jurisdictions, that we deem it unnecessary to add any thing more upon that branch of the subject. To question or deny this great conservative principle of constitutional liberty, is to impeach the right of self-government itself, and to destroy the only means given, under our political system, by which that invaluable blessing can be secured and maintained. The constitution has wisely guarded against the encroachment of any of the departments upon its co-ordinate branches; and it has treated their unwarrantable invasions as an infraction of the sovereign will of the people, as expressed in the instrument, and, consequently, has adjudged them to be utterly void.

Each and all of the departments of government are directly responsible to the people, and amenable to them in the mode and manner pointed out by the constitution and the laws; and they are amenable in that way alone. The Legislative, through the agency of the elective franchise, and the rules prescribed by itself for the government of its proceedings; the Executive, by the right of suffrage, and by impeachment for gross misconduct and corruption, for mal-administration in office; the Judiciary, by the election of the Legislature, for a term of years, and by address or impeachment for gross misconduct and corruption in office. In order to render the judiciary independent of the other two departments, the convention has declared, that they shall, at stated times, receive a compensation for their services, to be fixed by law, and which shall not be diminished during the time for which they are elected. They are not allowed to take any other fees or

perquisites, or to hold any other office of trust or profit. For the term they are elected, the compensation for their services cannot be diminished by the Legislature, for such are the express words of the constitution, and its injunction must be respected and obeyed. This negative declaration leaves the Legislature, however, full power to increase their salaries, but, when they are once fixed by law, they cannot again be diminished, either directly or indirectly, so far as respects the officer, for the period of his election. Before or after his election, the Legislature may fix the amount of his compensation; but, as soon as it becomes fixed, at that moment the compensation becomes a vested and constitutional right, appertaining and belonging to the office, and it cannot be divested, or in any manner weakened or destroyed, during the term for which the judge holds his commission. The true object and design of this clause in the constitution were, to make the judicial department independent of the Legislature, so far as the compensation or salary of the judges was concerned, after they had prescribed the amount to be paid them for their services. The convention well knew that the judiciary was the weakest of all the departments of government, and most liable to attacks from the other departments. They, therefore, guarded it with watchfulness and wisdom, so far at least as the independence of their salary was concerned, from all unwarrantable interference whatever. If the power were given to the Legislature over the salaries of the judges, then they were fully aware that the popular branch of the government, in times of political commotion and high excitement, could readily bend the judiciary into mere instruments of its will, and thus completely destroy its independence, or drive or degrade the judges from the bench, by leaving them merely a nominal compensation.

The judiciary would then prove no safeguard or barrier for the defence of public liberty, nor would it be a shield or asylum to protect and uphold the rights and franchises of the people. So far from answering these great and invaluable purposes, if their salaries were exclusively under the control of legislation, the will of the Legislature would then, in effect, be supreme. Under our system, the Executive is clothed with but little authority; and, if the Courts could be disgraced, and rendered imbecile by the reduction of their salaries, or

moulded to suit their wishes and designs, then the judiciary would have no higher office or duties to perform than simply to register the mandates and edicts of the Legislature. How, then, could the judges declare the will of the Legislature, or rightly interpret the laws, so as to make their decrees and judgments living monuments of truth and justice to their own age, and bequeath them, as a rich and invaluable legacy, to posterity, around which the friends of liberty could rally, and to which they might cling, with hope and confidence, in the worst of times, and find shelter and protection against the encroachments of ambition and tyranny. Hence, the convention has thought proper to place the salary of the judges out of the reach of the Legislature, and to take away all temptation to assail their independence through the means of their subsistence.

All experience proves, that power over a man's subsistence amounts but too frequently to a power over his will. If the judges fail to do their duty, they are liable to removal by address or impeachment. The constitution forbids their salary being taken from them, or reduced in its amount. The Legislature cannot effect, indirectly, what it is forbid to do, directly. It is certainly a clear proposition, that the Legislature cannot declare that the salary of the judges, upon a failure to discharge their duties, shall be forfeited to the State. To allow them to do that, necessarily makes them the judges of what should constitute a forfeiture; and that would indirectly place in their hands the power to lessen, or entirely take away, their salary, during the term for which they are elected, which is clearly and pointedly inhibited by the constitution. The salaries of the judges of the Supreme and Circuit Courts stand upon the same ground, and the Legislature can no more touch the salary of the one than of the other. They are both fixed, so far as their diminution is concerned, by the constitution, and are inviolate, and excepted out of the powers of the Legislature. The act in question declares, in express terms, a penalty against the circuit judges for a failure to hold a court, in each circuit, of a hundred and fifty dollars, and makes the Auditor a judge of the sufficiency of the excuse, upon the certificate of the clerk of the county, and makes it his duty, if the judge was not prevented from attending his courts by causes unavoidable, rendering his attendance impossible, to withhold

from him his salary for that amount. We can regard this law in no other light than as an act of forfeiture in favor of the State, for the non-performance of a judicial duty, and, for that failure, it decrees a certain amount of the judge's compensation forfeited to the State.

If this does not expressly diminish the salary of the judge, during the time he is in office, by indirect, yet effectual means, then we are sure language cannot give the power. To our minds, the act is a clear and palpable violation of the constitution. It is a direct and dangerous attack upon the independence of the judiciary, and upon the freedom and happiness of the people, and in contravention of their supreme will, as expressed in the constitution. We therefore hold the act as void, so far as it interferes with the salary of the circuit judges. But as, from the return of the Auditor, it appears that there is no appropriation to meet the amount claimed; and, as the constitution prohibits any money to be drawn from the treasury but in consequence of an appropriation by law, *Const., sec.* 4, *Art.* 6;

Rule discharged.