The Honorable W. H. "Dub" Arnold Prosecuting Attorney P.O. Box 480 Arkadelphia, AR 71923
Dear Mr. Arnold:
This is in response to Deputy Prosecuting Attorney Charles A. Yeargan's request for an opinion regarding the salary of the Municipal Judge for Pike County.
According to the facts supplies, the Municipal Judge's salary was set at $11,750.00 over a year ago by the Pike County Quorum Court and the City Council of Murfreesboro.
At the last regular session of the General Assembly, the minimum salary was set at $15,000.00, and remained at that level until the last special session, when the salary was lowered back to $11,750.00.
The following question is posed in this regard:
 Once the Legislature has set a minimum salary for the Municipal Judge, is the Quorum Court obligated to pay the Judge's salary for that entire year or the remainder of his elected term, or is the Quorum Court only liable for that portion of time that the salary was raised between the enactments?
Although the facts presented in your request are not absolutely clear in this regard, it appears that the judge's salary was increased from $11,750.00 to $15,000.00, following passage of Act 873 of 1989 which, under Section 1. (a)(72), set the Murfreesboro Municipal Court Judge's annual salary at "not less than fifteen thousand dollars ($15,000) nor more than eighteen thousand dollars ($18,000) . . ." See A.C.A.16-17-108(ttt) (Supp. 1989). During the Third Extraordinary Session of 1989, the minimum salary was again set at six thousand dollars ($6,000), and the maximum at fifteen thousand dollars ($15,000). Acts 1989 (3rd Ex. Sess.), No. 67, 1; A.C.A. 16-17-108(ttt) (1990-91 Arkansas Code Service, Pamphlet No. 1). The Murfreesboro Municipal Judge's salary was apparently lowered from $15,000.00 back to $11,750.00 following passage of this act.
It is my opinion under these circumstances that the Municipal Judge must be paid the $15,000.00 for the remainder of his elected term.
Amendment 43 to the Arkansas Constitution states:
 The General Assembly shall by law determine the amount and method of payment of salaries and expenses of the judges of the Supreme Court, Circuit Courts, Chancery Courts, and Municipal Courts of Arkansas; provided such salaries and expenses may be increased but not diminished during the term for which such judges are elected; provided further that the salaries of Circuit and Chancery Judges shall be uniform throughout the state. [Emphasis added.]
While one might contend that the Quorum Court and City Council, not the General Assembly, actually reduced the salary in this instance, it is my opinion that this distinction is without merit. In a case decided under the 1836 Arkansas Constitution, the Arkansas Supreme Court stated the following with reference to language similar to that of Amendment 43 of the 1874 Arkansas Constitution:
 In order to render the judiciary independent of the other two departments, the convention has declared, that they shall, at stated times, receive a compensation for their services, to be fixed by law, and which shall not be diminished during the time for which they are elected. . . . This negative declaration leaves the legislature, however, full power to increase their salaries, but, when they are once fixed by law they cannot again be diminished, either directly or indirectly, so far as respects the officer, and the period of his election. . . . The true object and design of this clause in the constitution were, to make the judicial department independent of the legislature, so far as the compensation or salary of the judges was concerned, after they had prescribed the amount to be paid them for their services. [Emphasis added.]
L.B. Tully, Ex Parte, 4 Ark. 220 (1842).
A reduction in salary by the Quorum Court and City Council during the judge's term, within the new ranges set by the Legislature, would, in my opinion, indirectly accomplish what cannot be done directly under Amendment 43. It may be successfully contended that such action is contrary to the constitution. The former minimum salary must, therefore, be paid for the remainder of the judge's term, notwithstanding the fact that this is now the maximum under the new salary law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb
cc: The Honorable Charles A. Yeargan Deputy Prosecuting Attorney P.O. Box 214 Glenwood, AR 71943
[1] This salary was presumably set under the 1987 act which established a range of "not less than six thousand dollars ($6,000) nor more than fifteen thousand dollars ($15,000) . . ." Acts 1987, No. 1031, Section 1. (69); A.C.A. 16-17-108(iii) (1989).
[2] If the salary was, in fact, set above $15,000.00 following passage of Act 873 of 1989, supra, then this amount must, similarly, be paid, since the General Assembly clearly lacks authority to reduce the salary mid-term. See Ark. Const. Amend 43, infra; see also A. G. Opinion No. 89-108 (copy enclosed.)
[3] Article 6, Section 8 of the Constitution of the State of Arkansas of 1836 stated in pertinent part that "[t]he judges of the Supreme and Circuit Courts shall, at stated times, receive a compensation for their services, to be ascertained by law, which shall not be diminished during the time for which they are elected."